ENRIQUE BOSCH GELPÍ, peticionario-apelante, *v.* MARÍA RODRÍGUEZ VDA. DE COLÓN y ERNESTO L. FIGUEROA, recurridos y apelados.

No. 5135.—*Sometido:* Abril 23, 1930. *Resuelto:* Julio 10, 1930.

*R. Muñoz Ramos,* abogado del apelante; *Guillermo S. Pierluissi* y *R. Atiles Moreu,* abogados de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La corte de distrito declaró sin lugar una petición de *injunction* en que se solicitaba se impidiera la construcción de un edificio cuyos cimientos se alegaba habían sido puestos parcialmente sobre la propiedad del peticionario.

El alegato del apelante contiene veintinueve páginas escritas a máquina. La mayor parte de éste se dedica a discutir la prueba. No se hace referencia a ninguna página de la transcripción taquigráfica. No hay señalamiento específico de errores, por separado o de otro modo. La sentencia podría ser confirmada por este motivo.

La demanda, especialmente en lo que se refiere a su título y a la súplica de la misma, participa fuertemente de las características de un pleito ordinario de *injunction* más bien que de "un procedimiento de *injunction* para recobrar la posesión de propiedad inmueble," conforme autoriza una ley aprobada en marzo 13, 1913, Leyes de ese año, pág. 83, enmendada en 1917, Leyes de ese año (Tomo II), página 220. Después del juicio el peticionario se basó principalmente, de no hacerlo exclusivamente, en la ley últimamente mencionada. Esa es también la posición del recurrente.

El juez de distrito, después de discutir la teoría de la demanda y de referirse a ciertas admisiones implícitas que se dice fueron hechas por el letrado del demandante al comenzarse el juicio, resolvió que el demandante en un pleito ordinario de *injunction* no podía invocar la ley de 1913, según

fué enmendada en 1917, ni obtener remedio alguno de conformidad con la misma. Si el juez de distrito cometió o no error al así resolver es cuestión que no es necesario determinar por ahora.

El juez de distrito también entró en los méritos del caso desde el punto de vista del demandante. Con el fin de revisar este aspecto del resultado obtenido en la corte inferior, podría admitirse, sin resolverlo, que la súplica de la demanda es bastante amplia para incluir una solicitud implícita para que se dictara un remedio alternativo de conformidad con la ley de 1913, según fué enmendada en 1917. Sin entrar en detalles, también podría admitirse que la demanda, asistida por la contestación, por la forma en que fué juzgado el caso y por la prueba del demandante, hubiese sostenido la expedición de un interdicto para recobrar la posesión, o la concesión de un remedio en alguna forma que estuviese de acuerdo con la enmienda de 1917.

Hubo algún conflicto de prueba respecto a la posesión material anterior del demandante y este conflicto fué resuelto por el juez de distrito a favor de los demandados. Un cuidadoso examen de toda la prueba no revela ningún error manifiesto en la conclusión a que llegara la corte inferior que justifique la revocación de la sentencia.

*La sentencia apelada debe ser confirmada.*